ORIGINAL

FILED IN CLERK'S OFFICE
U.S.D.C. - Newnan

JUN 15 2009

James N. Hatten
By: _____ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION NO. |
| v. | ) ) ) | 3 09-CV- 63 JTC |
| STORE OPENING SOLUTIONS, INC., | ) ) | JURY TRIAL DEMANDED |
| Defendant. | ) ) ) | |

## COMPLAINT

This is an action under Title I of the Americans with Disabilities Act of 1990, and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices based on disability and to provide appropriate relief to Janet Mykytyn ("Mykytyn"). The Equal Employment Opportunity Commission ("EEOC") alleges that Store Opening Solutions, Inc. ("Defendant") failed to provide Mykytyn with a reasonable accommodation and subsequently terminated her from her position as a Fixture Lead because of her disability, in violation of the ADA.

### JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451,

1

1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to Section 107(a) of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e-5(f)(1) and (3), and pursuant to Section 102 of the Civil Rights Act of 1991, as amended, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Northern District of Georgia, Newnan Division.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission, is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107(a) and Section 503(c) of the ADA, 42 U.S.C. § 12117(a) and § 12203(c), which incorporates by reference Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant has continuously been a Tennessee corporation doing business in the State of Georgia, and has continuously employed at least fifteen (15) employees.

2

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Section 101(5) of the ADA, 42 U.S.C. § 12111(5), and Section 101(7) of the ADA, 42 U.S.C. § 12111(7), which incorporates by reference Sections 701(g) and (h) of Title VII, 42 U.S.C. §2000e(g) and (h).

6. At all relevant times, Defendant has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

## STATEMENT OF CLAIMS

7. More than thirty (30) days prior to the institution of the lawsuit, Mykytyn filed a charge with the Commission alleging violations of Title I of the ADA by Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

8. Since at least February 2007, Defendant has engaged in unlawful employment practices in violation of Section 102 of the ADA, 42 U.S.C. § 12112(a) and (b), by failing to provide Mykytyn with a reasonable accommodation for her disability.

9. Since at least June 2007, the Defendant has engaged in unlawful employment practices in violation of Section 102 of the ADA, 42 U.S.C. § 12112(a) and (b), by terminating Mykytyn because of her disability.

10. The effect of the practices complained of in paragraphs 8 and 9 above has been to deprive Mykytyn of equal employment opportunities and otherwise to affect adversely her status as an employee because of her disability.

11. The effect of the practices complained of in paragraphs 8 and 9 above has been to inflict emotional pain, suffering, and inconvenience upon Mykytyn and deprive her of the financial and other benefits of working for Defendant.

12. The practices complained of in paragraphs 8 and 9 above were intentional.

13. The practices complained of in paragraphs 8 and 9 above were done with malice or with reckless indifference to the federally protected rights of Mykytyn.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with them, from engaging in any employment practice that discriminates on the basis of disability;

B. Order Defendant to institute and carry out policies, practices, and

programs that provide equal employment opportunities for individuals with disabilities, as those terms are defined by the ADA, and which eradicate the effects of its past and present unlawful employment practices;

C. Order Defendant to make Mykytyn whole by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to reinstatement and/or front pay.

D. Order Defendant to make Mykytyn whole by providing compensation for past and future pecuniary losses resulting from the unlawful practices described in paragraphs 8 and 9 above, including job search expenses and medical expenses, in amounts to be determined at trial.

E. Order Defendant to make Mykytyn whole by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices described in paragraphs 8 and 9 above, including emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

F. Order Defendant to pay Mykytyn punitive damages for its malicious or reckless conduct, as described above, in amounts to be determined at trial.

G. Grant such further relief as the Court deems necessary and proper in

the public interest.

    H.    Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by this Complaint.

Respectfully submitted,

James L. Lee
Deputy General Counsel

6/12/2009
Date

Robert K. Dawkins
Georgia Bar No. 076206
Regional Attorney

EEOC Atlanta District Office
100 Alabama St., SW, Suite 4R30
Atlanta, Georgia 30303
Telephone: (404) 562-6818
Facsimile: (404) 562-6905

6