IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) ) ) | |
| vs. | ) ) ) ) ) | CASE NO. 3:10-0237 JUDGE SHARP/KNOWLES |
| STORE OPENING SOLUTIONS, INC., | ) ) ) ) | |
| Defendant. | ) | |

**ORDER**

This matter is before the Court upon Plaintiff's "Motion for Protective Order" with regard to a Rule 30(b)(6) Deposition Notice served by Defendant. Docket No. 85, 86-1. Plaintiff has filed a supporting Memorandum. Docket No. 86. Defendant Store Opening Solutions, Inc., ("SOS"), has filed a Response in Opposition to the Motion. Docket No. 87.

Plaintiff EEOC filed this action pursuant to Title I of the Americans With Disabilities Act of 1990 and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices based on disability and to provide appropriate relief to a former employee of Defendant, Janet Mykytyn. There appears to be no question that Ms. Mykytyn was an employee of SOS, that SOS learned that she was "legally blind," and that she was thereafter terminated from her employment. There appears to be no dispute that Ms. Mykytyn appropriately filed a charge with the EEOC alleging violations of Title I of the ADA by Defendant. Plaintiff's Amended Complaint seeks: a permanent injunction enjoining Defendant from engaging in any employment

practice that discriminates on the basis of disability and ordering Defendant to institute and carry out policies and practices that provide equal employment opportunities for individuals with disabilities; an order that Defendant make Ms. Mykytyn whole by providing appropriate back pay and other affirmative relief; an order that Defendant make Ms. Mykytyn whole by providing compensation for past and future pecuniary losses; an order that Defendant pay Ms. Mykytyn punitive damages; and an order granting such further relief as the Court deems necessary and proper and awarding Plaintiff its costs.

Defendant essentially denies that it took any action with regard to Ms. Mykytyn in violation of the ADA.

Defendant served Plaintiff with an "Amended Notice of 30(B)(6) Deposition of Plaintiff Equal Employment Opportunity Commission."[1]  Docket No. 86-1.  That Notice requires Plaintiff to designate one or more officers, directors, managing agents, or other persons able to give complete, knowledgeable and binding answers on its behalf, based upon information known or reasonably available to Plaintiff in eleven specific subject areas:

> 1.  EEOC's Complaint, including all factual allegations and demands for damages and relief.
>
> 2.  EEOC's responses to Defendant's Interrogatories, Requests for Admission, and Request for Production of Documents.
>
> 3.  All steps EEOC took to ensure that its responses to Defendant's discovery requests were and remain timely, truthful, accurate and complete.
>
> 4.  All non-privileged facts, factors, and influences that led EEOC to reach a "Cause" determination on the Charge of Discrimination filed by Ms. Mykytyn.  This topic includes, but is not limited to,

---

[1] The EEOC is the only Plaintiff in this action.  Ms. Mykytyn is not a party.

2

Case 3:10-cv-00237   Document 100   Filed 03/26/12   Page 2 of 8 PageID #: 1004

the contents of EEOC's files concerning Ms. Mykytyn.

5. The factual bases for the Commission's assertion that it exhausted good-faith conciliation discussions as a precondition to bringing this action.

6. The EEOC's protocol on the Investigation and Conciliation process, including but not limited to the guidance set forth in the EEOC Compliance Manual.

7. All steps EEOC's investigator(s) wished to, but did not, undertake when investigating the claims of the claimant.

8. EEOC's internal training regarding individuals with disabilities, job accommodations, and the Americans With Disabilities Act, as provided to its non-attorney employees in its Atlanta, Georgia office. This topic includes, but is not limited to, the frequency, substance, and means of communicating the same to EEOC's non-attorney staff members; EEOC's non-privileged policies and procedures governing its reporting and investigation of complaints concerning sexual harassment and/or retaliation, as well as discipline it imposes by virtue of said policy or procedure.
**NOTE:**
This topic does not request information concerning any specific complaint, investigation, or its deposition, but rather the standards EEOC holds itself to in each area for which it seeks injunctive relief from SOS.

9. All non-privileged communications with witnesses identified in this litigation. This includes, but is not limited to, all questionnaires and interviews notes produced by EEOC in this case.

10. A calculation of all damages claimed on behalf of Ms. Mykytyn, as well as any other damages sought in this case.

11. Articulation of the specific injunctive relief EEOC seeks in this case.

Docket No. 86-1.

Plaintiff raises several arguments in the instant Motion. Plaintiff proceeds from the assumption that its attorneys are the only EEOC personnel with the ability to answer questions

3

regarding "most" of the matters designated in the Notice. Docket No. 86, p. 3. Plaintiff also argues that the Notice is an attempt by Defendant to put at issue the EEOC's investigative and conciliation processes, as well as its internal communications, which is prohibited and protected by the Governmental Deliberative Process Privilege. Plaintiff also argues that it has produced all non-privileged documents in this case, identified and produced witnesses, and answered Interrogatories, and Plaintiff concludes that it has produced all relevant facts Defendant claims it seeks to discover through the Rule 30(b)(6) Deposition.

Defendant points out that it has not asked to depose Plaintiff's counsel. Defendant specifically "stipulates that it does not seek to depose the EEOC's attorneys . . . ." Docket No. 87, p. 4. Defendant identifies four individuals from Plaintiff's Investigatory Unit who participated in the investigation and conciliation of Ms. Mykytyn's charge, and who could be designated as Rule 30(b)(6) witnesses: (1) Cathy Riley, EEOC Senior Investigator; (2) Sylvia Hall, Supervisory Investigator; (3) James Brown, Enforcement Supervisor; and (4) Bernice Williams-Kimbrough, Director of Plaintiff's Atlanta District Office.

In *EEOC v. The Pointe at Kirby Gate, LLC*, No: 02-2730, United States District Court for the Western District of Tennessee, Order entered May 16, 2011, Magistrate Judge Diane Vescovo faced a similar situation.[2] In *Kirby Gate*, Defendant served a Rule 30(b)(6) Notice upon the EEOC, which then filed a Motion for Protective Order. The EEOC argued that its attorney was the only individual competent to testify about the allegations in the Complaint, and that her testimony was privileged under the Attorney-Client Privilege, the Work-Product Doctrine, and the Deliberative Process Privilege.

---

[2] A copy Judge Vescovo's Order has been filed in the instant case as Docket No. 87-3.

4

As in the case at bar, Defendant in *Kirby Gate* pointed out that they had not requested a deposition of EEOC's counsel. Defendant further argued that "The EEOC cannot unilaterally designate its attorney as its sole competent representative and then invoke privileges to shield the EEOC from testifying." Order, p. 3. Defendant also identified five alternative representatives who could testify, other than the EEOC's counsel. Judge Vescovo granted the Motion for Protective Order in part and denied it in part, stating:

> When a governmental agency is served with a notice of deposition, it must, in good faith, appoint one or more representatives to testify on its behalf, Fed. R. Civ. P. 30(b)(6), and prepare its representatives to meaningfully testify on all matters that reasonably may be known to the organization. . . . Courts will not prohibit depositions except in extraordinary circumstances. . . .
> 
> . . .
> 
> In light of the defendants' identification of alternative EEOC representatives who have knowledge of facts underlying the allegations in the complaint, the court finds that a deposition of the EEOC's counsel . . . is unnecessary. To this extent, the EEOC's motion for a protective order is granted. There is no indication, however, that an alternative representative solely would rely on information produced by the EEOC's counsel and thus endanger the attorney-client, work product, or deliberative process privileges . . . The Court, therefore, sees no need to prohibit a non-attorney's 30(b)(6) deposition on grounds of attorney-client, work product, or deliberative work process privilege. The EEOC, therefore, shall designate one or more persons to answer questions on behalf of the EEOC on the topics identified in the defendants' notice of deposition.

Order, p. 4-6 (citations omitted).

Plaintiff recognizes that *Kirby Gate* was a "similar case." Docket No. 86, p. 9. In fact, Plaintiff argues that if the Court is inclined to allow the Rule 30(b)(6) deposition to proceed, the Court should allow Defendant to seek additional explanation of the underlying non-privileged facts, but should instruct Defendant not to inquire into the EEOC's reason for a particular

5

construction of facts or into the EEOC's ordering of facts, as did Judge Vescovo. The Court is in agreement with the well-reasoned decision of Judge Vescovo.

Plaintiff also argues that certain subject areas of the Rule 30(b)(6) notice impermissibly relate to the sufficiency of the agency's investigation and the question whether the EEOC attempted appropriate conciliation as required by 42 U.S.C. § 2000(e-5)(b), (f). Plaintiff relies upon *EEOC v. KECO Industries, Inc.*, 748 F.2d 1097 (6th Cir. 1984). In *Keco*, the Court stated in part:

> It was error for the district court to inquire into the sufficiency of the Commission's investigation. In previous cases where the employer has objected to the sufficiency of the EEOC's investigation into a discrimination charge, the courts have precluded use of that objection as a basis for dismissing a charge of discrimination made by the EEOC. . . . The courts in these cases rejected this objection because the nature and extent of an EEOC investigation into a discrimination claim is a matter within the discretion of that agency. The purpose of the EEOC's investigation of a discrimination charge is to determine if there is a basis for that charge. The reasonable cause of the termination issued as a result of the investigation is designed to notify the employer of the EEOC's findings and to provide a basis for later conciliation proceedings.
> . . .
>
> In the present case, the district court relied upon the Magistrate's report and determined that the EEOC did not comply with its statutory duty to conciliate with KECO on the class-based sexual discrimination claim. Accordingly, the district court granted summary judgment for KECO. We find this decision to be erroneous for several reasons.
> . . .
>
> The record establishes that the EEOC sought to conciliate the class-based claim with KECO. . . . KECO, however, rejected this conciliation agreement.
>
> The EEOC is under no duty to attempt further conciliation after an employer rejects its offer. Before bringing suit, the EEOC must
6

> make a good faith effort to conciliate the claim. However, once
> the employer rejects the conciliation attempts, the EEOC is free to
> file suit . . . .
>
> . . .
>
> The district court finding that the EEOC did not sufficiently
> conciliate the class claim reflects an apparent dissatisfaction with
> the EEOC conciliation attempt. This is not the appropriate
> standard of review. The district court should only determine
> whether the EEOC made an attempt at conciliation. The form and
> substance of those conciliations is within the discretion of the
> EEOC as the agency created to administer and enforce our
> employment discrimination laws and is beyond judicial review.

748 F.2d at 1100-02 (citations omitted).

SOS does not directly address *KECO*, but cites cases from other jurisdictions. Docket No. 87, p. 5-6 n.2, 6. This Court must follow *KECO*, not decisions of other district courts. Thus, Plaintiff's Motion for Protective Order with regard to matters concerning its investigation or its conciliation process is GRANTED.

Plaintiff makes a perfunctory argument that the proposed Rule 30(b)(6) deposition seeks irrelevant information that is unduly burdensome. Aside from the investigation and conciliation issues discussed above, it appears to the Court that the other topics in the Rule 30(b)(6) notice all relate to the claims or defenses of a party, are not unduly burdensome, and are reasonably likely to lead to the discovery of admissible evidence. Moreover, Plaintiff will have ample opportunity to raise necessary and appropriate objections to specific questions during the deposition or depositions.

For the foregoing reasons, Plaintiff's Motion for Protective Order (Docket No. 85) is GRANTED IN PART and DENIED IN PART, as set forth above.

IT IS SO ORDERED.

_____
E. Clifton Knowles
United States Magistrate Judge