IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Plaintiff, | ) ) ) ) ) ) ) ) ) ) ) | NO.: 3:10-CV-00237 |
| v. | | Judge Nixon |
| STORE OPENING SOLUTIONS, INC., Defendant. | | Magistrate Judge Knowles |

## CONSENT DECREE

This action was instituted on June 15, 2009 by the Equal Employment Opportunity Commission (the "EEOC" or the "Commission") against the Defendant Store Opening Solutions, Inc. (the "Defendant") pursuant to Title I of the Americans with Disabilities Act of 1990, and Title I of the Civil Rights Act of 1991 (hereinafter "ADA") to remedy the alleged wrongful practices identified in the Complaint filed in this action.

In its Complaint, the Commission alleged that Janet Mykytyn was denied a reasonable accommodation and terminated because of her disability in violation of the ADA. The Commission also sought make-whole relief including, but not limited to, back pay with interest, compensatory and punitive damages, and injunctive and other affirmative relief. Defendant filed its Answer to the EEOC's Complaint on August 14, 2009. In its Answer, the Defendant denied that it violated the ADA as alleged in the Complaint, and requested that the Court deny any relief to the Commission based on the Complaint.

The parties to this action desire to avoid the additional expense, delay, and uncertainty that would result from the continuance of this litigation, and desire to formulate a plan to be embodied in this Consent Decree that will promote and effectuate the purposes of the ADA. The

1

parties want to conclude fully and finally all claims arising out of the charges of discrimination filed with the Commission by Janet Mykytyn and the Commission's Complaint. They enter into this Consent Decree to further the objectives of the ADA and equal employment opportunity. This Consent Decree is not to be deemed or construed to be an admission of liability or wrongdoing by Defendant but constitutes the good faith settlement of a disputed claim.

This Court has jurisdiction over the subject matter of this action and over the parties to this action, as the employment practices alleged to be unlawful in the Complaints filed herein occurred within the jurisdiction of the Middle District of Tennessee, Nashville Division.

This Court has reviewed the terms of the proposed Consent Decree in light of the pleadings and the applicable law and regulations, and has approved this Consent Decree as one that will promote and effectuate the purposes of the ADA.

Now, therefore, this Court being fully advised in the premises, it is hereby ORDERED, ADJUDGED, AND DECREED:

## I. **JURISDICTION AND VENUE**

Jurisdiction of this Court is pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. This action is authorized pursuant to Section 107(a) of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e-5(f)(1) and (3), and pursuant to Section 102 of the Civil Rights Act of 1991, as amended, 42 U.S.C. § 1981a.

## II. **DISCLAIMER OF VIOLATION**

It is understood and agreed that the negotiation, execution, and entry of this Consent Decree by the parties shall not constitute an adjudication or finding on the merits of this case, and shall not be construed as an admission by either party with respect to the claims or defenses asserted in this case. Nothing in this Consent Decree shall be admissible in any other judicial or

administrative proceeding for any purpose except to enforce the terms of this Consent Decree.

## III. CHARGING PARTY'S INDIVIDUAL RELIEF

Defendant, in settlement of all claims alleged by the Commission in its Complaint, shall pay Janet Mykytyn the gross amount of $20,000.00, within ten (10) business days of the entry of this Consent Decree and execution and non-revocation of the separate Settlement and Release Agreement. . The Defendant shall issue to Mykytyn an IRS Form 1099 with such payment, and Mykytyn shall be responsible for reporting and paying taxes on said amount. Within five (5) business days of issuing the check to Janet Mykytyn, Defendant will mail copy of the check to Robert K. Dawkins, Regional Attorney, EEOC Atlanta District Office, 100 Alabama Street SW, Suite 4R30, Atlanta, Georgia 30303.

## IV. TERM OF DECREE AND PERIOD OF JURISDICTION

This Consent Decree shall continue to be effective and binding upon the parties to this action for a period of sixty (60) days following the entry of the Decree, provided that all remedial benefits required hereby have been received or offered prior to its expiration. If required remedial benefits are not received or offered, the Consent Decree will be automatically extended until these provisions are completed.

Upon the Court's execution and entry of this Consent Decree, this case shall be dismissed with prejudice. However, this Court shall retain jurisdiction over this action for the purposes of clarifying and enforcing this Consent Decree and for any other appropriate or equitable purposes for sixty (60) days from the date of entry of this Consent Decree, unless the Court acts or the Commission has, prior to the expiration of said sixty (60) days, moved to enforce compliance with the Consent Decree. If the Court acts or the Commission has moved to enforce compliance with this Consent Decree within this period, this Court shall retain jurisdiction of this action until all issues relating to all such motions which are made during the sixty (60) days have been

resolved.  At the expiration of the sixty (60) day period of jurisdiction, if all obligations have been performed by the parties under this Consent Decree, and no disputes regarding compliance remain unresolved, then the Decree shall operate as an automatic dismissal with prejudice.

## V. COMPLIANCE OFFICIAL

The Defendant has designated Edward Young to be Defendant's Compliance Official who shall be responsible for Defendant's compliance with this Consent Decree.  The Compliance Official is to be responsible for coordinating and overseeing Defendant's compliance with the specific terms of this Consent Decree.

## VI. PROCEDURE FOR ENFORCING COMPLIANCE

The Commission will attempt to resolve any dispute regarding the enforcement of this Consent Decree by informal mediation and consultation before seeking enforcement through the judicial process.  The Commission will notify, in writing by first class mail and facsimile, Defendant's Compliance Official if it has any reason to believe that any act or omission by Defendant is in violation of the Consent Decree.  Defendant shall have thirty (30) days after the receipt of such notification to cure any such alleged deficiency, and to notify the Commission, by written report addressed to the Regional Attorney at the EEOC's Atlanta District Office, of the measures taken to cure the alleged deficiencies.

If upon receipt of Defendant's report, the Commission concludes that the deficiency has not been satisfactorily cured by Defendant, the Commission shall seek to resolve the alleged deficiency through good faith conciliation or mediation.  If the alleged deficiency is not resolved within thirty (30) days after the initiation of such good faith conciliation or mediation process, then the Commission may seek enforcement of this Consent Decree through the judicial process.

Nothing in this agreement shall be deemed to prohibit any matter which occurred during the term of this Consent Decree, and which constitutes a dispute as contemplated by this Section,

4

from being fully and completely resolved in the manner described in this Section, even if the term of the Consent Decree expires prior to thirty (30) days after the initiation of good faith conciliation or mediation as set forth in this Section.

## VII.     OTHER ACTIONS

The Commission shall not commence or prosecute Defendant for any action or other proceeding based upon any claims, demands, causes of action, obligations, damages or liabilities that arose out of Ms. Mykytyn's claims that she was discharged by Defendant due to her disability and request for an accommodation in violation of the ADA, as embodied in EEOC Charge Number 410-2007-04196, which was filed with, and investigated by, the EEOC's Atlanta District Office.  This Consent Decree in no way affects the Commission's right to process any pending or future charges that may be filed against Defendant in accordance with standard Commission procedures, and to commence and prosecute civil actions pursuant to the ADA (or any other statutes enforced by the Commission) on any such charges.  Nothing herein shall preclude the Commission from bringing an action to enforce the provisions of this Consent Decree.

## XIII.    COSTS AND ATTORNEYS FEES

The EEOC and Defendant shall each bear their own respective costs and attorneys' fees for this action.

The parties hereto and undersigned attorneys of record for the parties in the above-styled action hereby consent to the entry of the foregoing Consent Decree.

**\*\*SIGNATURES APPEAR ON THE FOLLOWING PAGE \*\***

5

**BY CONSENT**:

                        Counsel for Plaintiff:

                        s/Robert K. Dawkins_____
                        ROBERT K. DAWKINS
                        Georgia Bar Number: 076206
                        EQUAL EMPLOYMENT OPPORTUNITY
                        COMMISSION- Atlanta District Office
                        100 Alabama Street, SW, Suite 4R30
                        Atlanta, Georgia 30303
                        Telephone:   (404) 562-6818
                        Facsimile:    (404) 562-6905

Counsel for Defendant:      s/Edward R. Young_____
                        EDWARD R. YOUNG, ESQ.
                        Tennessee BPR No. 8373

                        **BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, PC**
                        165 Madison Avenue
                        Suite 2000
                        Memphis, TN 38103
                        Phone: (901) 577-2341
                        Fax:   (901) 577-0879
                        Email: eyoung@bakerdonelson.com

SO ORDERED this 3:ÿ"f c{"qh"Ugr vgo dgt."42350

_____
Judge Kevin H. Sharp
United States District Judge